IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

## TIMOTHY D. QUALLS v. RICKY J. BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 07-C-3796   Hamilton Gayden, Judge**

_____

**No. M2008-01246-CCA-R3-HC - Filed April 28, 2009**

_____

In 2003, the Petitioner, Timothy D. Qualls, pled guilty to second degree murder, and the trial court sentenced him to serve eighteen years. The Petitioner file a petition for habeas corpus relief, and the habeas court denied his petition. On appeal, the Petitioner alleges the habeas court erred because: (1) the trial court sentenced the Petitioner in contravention of his constitutional rights; and (2) the trial court sentenced the Petitioner in contravention of state statutes. After a thorough review of the record and relevant authorities, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Timothy D. Qualls, Pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Background**

On April 4, 2003, the Petitioner pled guilty to second degree murder, and the trial court sentenced him to serve eighteen years. The Petitioner filed a petition for habeas corpus relief on December 27, 2007, and the habeas court denied him relief. It is from this judgment that the Petitioner now appeals.

**II. Analysis**

On appeal, the Petitioner claims the habeas court erred because: (1) the trial court sentenced

him in contravention of his constitutional rights; and (2) the trial court sentenced him in contravention of state statutes.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Tennessee statute, however, governs the exercise of this constitutional guarantee. *See* T.C.A. § 29-21-101 (2006). Although statute does not limit the number of requests for habeas corpus relief a petitioner may make, it does narrowly limit the grounds upon which a court may grant habeas corpus relief. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner must demonstrate by a preponderance of the evidence that "the sentence is void or that confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, a petitioner must base his request for habeas corpus relief upon the following very narrow grounds: (1) a claim that, because the convicting court was without jurisdiction or authority to sentence the petitioner, the convicting court's judgment is facially invalid and, thus, void; or (2) a claim that the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Also, "[a]n illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its validity." *Taylor*, 955 S.W. 2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

A habeas court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. *See* T.C.A. § 29-21-109 (2006). If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *See State ex. rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (1964); T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

Whether habeas corpus relief should be granted is a question of law. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). Thus, we apply *de novo* review and afford no presumption of correctness to the findings and conclusions of the court below. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

## A. Constitutional Claim

In this appeal, the Petitioner claims that he is entitled to habeas corpus relief because the trial court sentenced him in contravention of his constitutional rights, as described in *Apprendi v. New Jersey*. 530 U.S. 466 (2000). We note the Petitioner is adamant that he is not arguing that his sentence was imposed in violation of his constitutional right to a jury trial as articulated in *Blakely v. Washington*, rather, he argues that his right a jury trial was infringed upon as interpreted in *Apprendi*. *See Blakely*, 542 U.S. 296 (2004); *see also Apprendi*, 530 U.S. 466. More specifically, he argues that the trial court lacked jurisdiction to enhance his sentence by two years without a jury making a finding of those enhancement facts or without using a standard greater than a

preponderance of the evidence of the existence of enhancement factors.

The United States Supreme Court created a bright line rule in *Apprendi v. New Jersey* that "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely v. Washington*, the Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04. *Blakely* is a further clarification of the Sixth amendment right to a jury trial described in *Apprendi*.

We have previously held that while "[i]t is constitutional error in violation of a defendant's right to trial by jury for the trial court to increase a sentence above the 'statutory maximum' sentence based upon facts, other than prior convictions, not found by a jury," such an error would "render the judgment merely voidable, and not void." *Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. Apr. 7, 2008). Thus, such a claim is not a cognizable Tennessee habeas corpus claim. *Id.* Moreover, the Petitioner's claim requires this Court to look beyond the face of the judgment, which is beyond the scope of habeas corpus relief. *See Taylor*, 955 S.W. 2d at 83. The Petitioner is not entitled to habeas relief on this issue.

## B. Statutory Claim

The Petitioner next contends that he is entitled to relief because the trial court sentenced him in violation of the Tennessee Criminal Reform Act of 1989. *See* T.C.A. § 40-35-101 et seq. The Petitioner directs this Court to the record and the transcript of his sentencing hearing as evidence of the trial court's errors in applying mitigating and enhancement factors and meeting the requirements of a proper guilty plea hearing, as prescribed by Rule 11 of the Tennessee Rules of Criminal Procedure.

As we stated above, in order to grant habeas relief, there must be an error on the face of the judgment that renders the petitioner's judgment void. *See Taylor*, 955 S.W.2d at 83. The Petitioner pled guilty to second degree murder, which is a Class A felony, and the trial court classified him as a Standard, Range I offender. T.C.A. § 39-13-210(b) (2001). A defendant convicted of a Class A felony and classified as a Standard, Range I offender may be sentenced to serve between fifteen and twenty-five years. T.C.A. § 40-35-112(a)(1) (2001). The Petitioner was sentenced to eighteen years, which is within the statutory range. His judgment is not void on its face, and he is not entitled to relief on this issue.

## III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the habeas

court properly dismissed the Petitioner's petition for habeas corpus relief.  Accordingly, we affirm the judgment of the habeas court.


_____

ROBERT W. WEDEMEYER, JUDGE